Filed 10/20/22  P. v. Leon CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D080512 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS179354) |
| JOSE LUIS LEON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Garry G. Haehnle, Judge.  Affirmed.

Robert E. Boyce, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

FACTUAL AND PROCEDURAL BACKGROUND

In 2005, a jury convicted Jose Luis Leon of second degree murder (Pen. Code,[1] § 187, subd. (a)).  The jury also determined a principal in the offense

_____

1      All further statutory references are to the Penal Code.

personally discharged a firearm causing death (§ 12022.53, subds. (d), (e)(1)), and that the offense was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). In addition, the jury convicted Leon of the crime of making a criminal threat (§ 422), and also found he personally used a firearm during the offense (§ 12022.5), and that he committed that offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). The trial court sentenced him to 40 years to life in prison, consisting of 15 years to life on the principle offense, and a consecutive term of 25 years to life for the firearm enhancement.

In 2006, Leon appealed his conviction, asserting (among other grounds) there was insufficient evidence to prove he aided and abetted the victim's murder. In an unpublished opinion (*People v. Leon* (Mar. 25, 2008, D048306) [nonpub. opn.]), this court rejected the assertion and affirmed the judgment.

In 2019, Leon filed a petition to recall his sentence under former section 1170.95.[2] The trial court appointed counsel and solicited briefing. The court reviewed the record of Leon's conviction, including transcripts, jury instructions, appellate briefs, and the opinion of this court in case no. D048306. It then denied Leon's petition by written order, finding that Leon was not convicted on a probable consequence theory or on a felony murder. The court found Leon was a direct aider and abettor who shared the perpetrator's intent to kill and was an active participant in the crime.

---

[2]    Former section 1170.95 was renumbered as section 1172.6 without substantive change on June 30, 2022. (See Stats. 2022, ch. 58 (Assem. Bill No. 200) § 10, eff. June 30, 2022.) We shall refer to the subject statute by its current number throughout this opinion.

In 2020, Leon appealed the court's order denying his petition to recall his sentence to this court. We appointed appellate counsel. Counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) stating he had not been able to identify any arguable issues for reversal on appeal, and asked the court to review the record for error as mandated by *Wende*. We offered Leon the opportunity to file his own brief on appeal, but he did not respond. We reviewed the entire record as required by *Wende* and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), and discovered no arguable issues for reversal. We affirmed the order denying Leon's petition to recall his sentence under section 1172.6 in an unpublished opinion. (*People v. Leon* (Dec. 8, 2020, D077745) [nonpub. opn.].)

On May 11, 2022, Leon filed a second petition to recall his sentence under section 1172.6 and for appointment of counsel. On May 16, 2022, the trial court summarily denied Leon's petition in a written order. The court first noted that it had previously reviewed the first petition, the return, and the reply, and had found Leon failed to make a prima facie showing that he was entitled to relief; it had previously found he aided and abetted the actual killer with the intent to kill. Reviewing the second petition, the court found Leon did "not set for[th] any change of circumstances" since the first denied petition to allow Leon to "relitigate this issue."

On June 9, 2022, Leon appealed the order denying the second petition. This court, again, appointed appellate counsel. Appellate counsel, again, filed a *Wende* brief, stating counsel has not been able to identify any arguable issues for reversal on appeal and asks this court to review the record for error as mandated by *Wende* and *Anders*. We offered Leon the opportunity to file his own brief on appeal and, again, he did not respond.

The facts of the offense were discussed in the first appeal affirming the judgment of convictions. (*People v. Leon, supra,* D048306.) We will not repeat the facts here.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks us to review the record for error. To assist the court in its review, and in compliance with *Anders*, *supra,* 386 U.S. 738, counsel has identified the following possible issue that was considered in evaluating the potential merits of this appeal: "In considering the section 1172.6 petition, whether the proper procedures were followed and whether the petition was properly ruled upon." We have reviewed the entire record as required by *Wende* and *Anders.* We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Leon on this appeal.

## DISPOSITION

The order denying Leon's petition for resentencing under section 1172.6 is affirmed.

DO, J.

WE CONCUR:


McCONNELL, P. J.


BUCHANAN, J.